United States District Court
Southern District of Texas
**ENTERED**
August 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERGIO SANCHEZ-EVANGELISTA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-5199 |
| | § | |
| TODD BLANCHE, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Sergio Sanchez-Evangelista ("Petitioner"), a citizen of Mexico, entered the United States without inspection in 2009.[1] On June 24, 2026, Petitioner was taken into Immigration and Customs Enforcement custody.[2] That same day Petitioner was served with a Notice to Appear, charging him with removability pursuant to Immigration and Nationality Act § 212(a)(6)(A)(i), as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[3] Petitioner remains in immigration custody.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates due process and separation of powers

[1]Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 5 ¶ 19; Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 5, p. 2

[3]Notice to Appear, Exhibit 3 to Respondents' MSJ, Docket Entry No. 5-3, pp. 1, 4.

principles.[4] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5). Respondents argue that Petitioner's detention under § 1225(b)(2) does not violate due process because he is an applicant for admission.[5] Petitioner has filed Petitioner's Response in Opposition to Respondents' Motion to Dismiss, and in the Alternative, Motion for Summary Judgment (Docket Entry No. 6).

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Petitioner's "claims related to separation of powers fail because habeas corpus is available as a judicial remedy to challenge immigration detention." Maldonado Lozano v. Blanche, Civil Action No. 4:26-CV-02983, 2026 WL 1138372, at *1 (S.D. Tex. Apr. 21, 2026) (citing Jimenez v. Noem, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026)).

---

[4]Habeas Petition, Docket Entry No. 1, pp. 9–12 ¶¶ 41–62.

[5]Respondents' MSJ, Docket Entry No. 5, pp. 1–2.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 20th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE